On rehearing the Tenure Commission contends that our opinion in this case is in conflict with the opinion of the Alabama Supreme Court in Smith v. Birmingham Board of Education,403 So.2d 226 (Ala. 1981).
The instant case is clearly distinguishable from Smith. In the case before us we are concerned with construction of § 16-24-7, Code (1981 Supp.), which gives a tenured "teacher" the right to appeal to the Commission. The purpose of the appeal is to allow a teacher on continuing service status to obtain a decision by the Commission as to whether his or her transfer was in compliance with the Tenure Act. The right to this hearing is absolute if appeal is taken within fifteen days.
In Smith v. Birmingham Board of Education, supra, the tenured "teacher" was denied a hearing before the local board to contest his transfer from a supervisor-position because he lacked tenure as a supervisor. The teacher apparently by-passed appeal to the Commission and filed suit in the circuit court. Construction of § 16-24-7 was therefore not an issue in the case.
This court recognizes that in absence of appropriate distinctions, we are bound by decisions of the supreme court, including Smith. However, with particular concern for continuity of statutory construction and in view of the numerous teacher tenure cases brought first for review to this court, we take this opportunity to comment upon the decision inSmith for whatever purpose it might serve. Smith states in effect the following: As Smith had not attained continuing service status (tenure) in the position of supervisor under §16-24-2 (b), though holding tenure under § 16-24-2 (a), he could be transferred or returned to an instructor position without the hearing requirements of § 16-24-6 being triggered.
We believe that construction does not comport with the language of §§ 16-24-5, -6, -7.
The Smith decision is stated to be founded upon the property interest granted a teacher under § 16-24-2. Such an interest is said to invoke the procedural safeguards of due process of the federal Constitution. If Smith had not attained tenure as a supervisor under § 16-24-2 (b), he had no such property interest and thus no right to a hearing upon transfer or demotion.
This court agrees that the Tenure Act grants to teachers a property interest which, when perfected, is entitled to constitutional due process protection. However, the right to minimum due process should not limit additional rights granted by the tenure law which may exceed minimum due *Page 880 
process. We believe §§ 16-24-5, -6, -7 provide hearing rights to any "teacher" who has attained continuing service status under § 16-24-2 (a). Having once attained continuing service status as a "teacher," all of the hearing rights as to transfer provided by the Tenure Act become available. § 16-24-5. Section16-24-2 (b) states that promotion to principal or supervisor "shall in no way jeopardize the continuing service status of the teacher as an instructor". It therefore appears to follow that an instructor (teacher) with continuing service status, promoted to principal or supervisor, is entitled to a hearing when given notice of transfer or demotion. The matters to be heard are set out in § 16-24-5. Included therein would be the issue of whether the teacher had attained tenure as a principal or supervisor; i.e., was the transfer with loss of status?
We consider, therefore, that Smith having tenure as a "teacher" (instructor), though without property rights as a supervisor and thus no due process rights requiring a hearing upon his demotion, nevertheless had statutory rights to a hearing by the Board of Education upon notice of transfer and demotion. Our opinion in no way limits the authority of the Board to demote or transfer prior to attaining tenure as a supervisor as indicated in § 16-24-2 (b).
We respectfully state the above opinion so that if it chooses to do so, the supreme court may consider it at some future time.
APPLICATION FOR REHEARING OVERRULED. OPINION EXTENDED ON REHEARING.
HOLMES, J., concurs.
BRADLEY, J., concurs specially.