Irvin Smith filed a complaint in the circuit court of Jefferson County, seeking to have the Birmingham Board of Education (the Board) enjoined from transferring or terminating him as a high school advisor without following the procedures set forth in Code 1975, § 16-24-6; the complaint also sought reinstatement and back pay. The trial judge denied Smith's motion for a temporary restraining order and preliminary injunction, held a hearing on the merits, and denied all relief in its final judgment. Smith appeals.
Smith obtained tenure as an instructor in 1960; in 1978 he was promoted to a Boys' Advisor at Hayes High School. After serving in that position for the 1978-79 academic year, he served as a Boys' Advisor at West End High School for the 1979-80 school year. On May 29, 1980, the Superintendent of the Birmingham Board of Education *Page 227 
mailed Smith a letter advising him that the Board had voted on May 27 "not to renew your probationary advisor's contract for the 1980-81 school year. The Personnel Office will contact you concerning your teaching assignment for the coming school year." Smith requested a hearing as provided by § 16-24-6, but the Board denied his request, whereupon he filed this suit.
The crux of this case involves the interpretation of the term "supervisor" in Code 1975, § 16-24-2 (b): if the position of advisor is deemed to be included in this category, Smith had not attained "continuing service status" (tenure) in this position and could be returned to an instructor position without the hearing requirements of § 16-24-6 being triggered. This result follows because tenure under § 16-24-2 constitutes a property interest sufficient to invoke the procedural safeguards of due process. Bell v. Board of SchoolCommissioners, 450 F. Supp. 162 (S.D.Ala. 1978). Conversely, unless an employee has a property interest in continued employment, termination does not invoke procedural due process.Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701,33 L.Ed.2d 548 (1972).
The code grants two types of tenure: that for teachers, §16-24-2 (a), as defined in § 16-24-1 to include instructors, principals, and supervisors; and that for principals and supervisors: "an instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor. . . ." Code 1975, § 16-24-2 (b). No definition of "supervisor" has been pointed out to or found by this Court.
Smith seems to contend that only an assistant principal is a supervisor; he argues that he is not a supervisor because he had no role in supervision of other employees of the Board. He compares the job description of an advisor with that of assistant principal to buttress his argument. The Board points out that the Birmingham school system does not utilize assistant principals.
We find no difficulty in holding that an advisor is to be categorized as a "supervisor" and subjected to tenure requirements separate from the initial teacher tenure. Among the criteria for the job are "A valid Alabama Superintendent's Principal (A-1) Certificate" and "At least three years of successful experience as a senior high school teacher." Experience as an advisor counts toward salary determination upon promotion to principal or other supervisory position, but experience as an instructor does not. Reports to the State Board of Education concerning advisors are classified under administrative personnel.
The job requirements for advisors include:
 1. Shares with the principal the responsibility for protecting the health and welfare of students.
 2. Resolves all student discipline problems in a fair and just manner, and maintains records of any disciplinary action taken.
3. Oversees all matters of student attendance.
 4. Makes recommendations for appropriate revisions of policies and rules affecting the student's life in school.
 5. Assists with the supervision of registration and classification of students.
 6. Administers the extracurricular program of the school and responds to student initiated requests for specific new extracurricular clubs, activities, and programs.
 7. Counsels individual students, and when necessary makes appropriate referrals.
 8. Shares responsibility for certifying students for graduation.
Advisors do not perform any instruction.
The trial court did not make any specific findings of fact in support of its ruling "that an advisor in the Birmingham School System is a `supervisor' rather than an `instructor' within the meaning of the tenure law." Nevertheless, the record contains an *Page 228 
abundance of evidence, some of which is set out above, to support this conclusion. Therefore the judgment that Smith had no right to a hearing before being transferred from his job as advisor after only two years is due to be affirmed. This decision is not intended to govern other county boards of education except to the extent that positions therein show sufficient indicia of a supervisory nature.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.