This is a teacher tenure case.
Andrew Green was employed for three consecutive school years as an instructor and guidance counselor by the Greene County Board of Education. In the fourth year of his employment with the Board, he was promoted to Coordinator of Guidance and Counseling for the entire system and moved into the central office of the school board. Various other duties were delegated to Green including that of system's evaluator and director of several federally-funded projects. These were in addition to his position of Coordinator of Guidance and Counseling. He remained at the central office in those roles until 1980. Despite his location in the central office, Green had contact with both teachers and students in *Page 851 
the system through actual group and individual counseling of students and teacher training sessions. He also supervised the system's standardized testing programs.
On August 15, 1980, Green was informed by letter that he would be transferred to Carver Junior High School as a guidance counselor for the 1980-81 school year. He was to continue in his other duties with the exception of one federally-funded project that was scheduled to terminate. Green contested the transfer and requested a hearing before the Board. A hearing was held September 16, 1980, and subsequent thereto, the Board confirmed Green's transfer. From that decision, Green appealed to the Alabama State Tenure Commission alleging that his transfer was for personal and political reasons, and therefore violated §16-24-7, Code (1975).
The Commission determined that Green was not a tenured teacher and dismissed his appeal for lack of jurisdiction after a hearing on November 3, 1980. Green filed a petition for writ of mandamus in the Circuit Court of Greene County on November 12, 1980. The circuit court found that Green was a tenured teacher and ordered the Commission to hear the merits of Green's appeal. From that order, the Commission appeals.
The criteria for tenure or "continuing service status" is set out in § 16-24-2 (a), Code (1975) which reads as follows:
 Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year.
Teacher is defined in § 16-24-1, Code (1975) "to mean and include all persons regularly certified by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervisors. . . ."
(Emphasis ours.)
The primary issue in this case is whether Green is tenured as a "teacher" under the statute. The Commission contends that Green is not tenured because (1) he was not employed in year four of his employment with the Greene County Board of Education in the same capacity as his first three consecutive school years, and (2) he does not come within the term "supervisor." We note that construction of the statute is necessary to determine Green's status and that little case law has been generated in Alabama in this area.
A threshold issue is whether one employed as a teacher for three consecutive school years gains tenure when employed for the succeeding year in a position not within the scope of "teacher" as defined in § 16-24-1. Even though the teacher tenure law is to be construed liberally in favor of teachers, Haas v. MadisonCounty Board of Education, 380 So.2d 873 (Ala.Civ.App.), cert.denied, 380 So.2d 877 (Ala. 1980), we do not find that the statute reaches so far. Teachers are the prime beneficiaries of the tenure law, Haas, supra, and one employed for the fourth year outside that definition should not be protected by the statute.
Appellant contends that after employment as a teacher for three consecutive school years, reemployment in the succeeding year must continue in the same capacity — either instructor, supervisor or principal. Since "teacher" includes all three categories, that theory is not well taken. We find that one who serves as a "teacher" for three consecutive school years and is reemployed (within the statutory definition of "teacher") for the succeeding year by the same school system attains continuing service status. In this case the "teacher" attained continuing service status as an "instructor" if his reemployment for the fourth year was within the definition of "teacher."
The determinative issue therefore is whether Green's position as Coordinator of Guidance and Counseling in which he was reemployed for his fourth consecutive school year was within the definition of "teacher." He was neither an instructor nor a principal. Was he then a supervisor? *Page 852 
That term has not been clearly defined in this state, but our supreme court held recently that the position of "advisor" was supervisory in nature. Smith v. Birmingham Board of Education,403 So.2d 226 (Ala. 1981).
Green's duties included active participation with both students and teachers. He counseled students individually and in groups. He also conducted teacher training sessions in guidance and counseling-related areas. These activities bring his position within the ambit of "supervisor." Appellant's contention that Green was director of several federally-funded projects does not detract from his supervisory role. Also appellant's contention that Green was paid from the federal Youth Work program is somewhat misleading since that program had only been in existence for one year in the system at the time of Green's transfer. Green's supervisory position began in 1970, some eight or nine years prior to the implementation of the Youth Work program. In any event, the source of the funds for his salary is not determinative. He was an employee of the Greene County Board of Education.
Though not necessary to the disposition of the issues in this case, we note that service for three consecutive years as a supervisor satisfies the statutory requirements for attaining continuing service status as a supervisor. Green served some ten years as supervisor. It is our construction of §§ 16-24-1,-2 that Green has attained continuing service status and is therefore entitled to all the privileges and protection of the Alabama Teacher Tenure Law. The judgment of the circuit court is affirmed and the Alabama State Tenure Commission is directed to forthwith proceed accordingly.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.