This is a teacher tenure case.
Inez Singleton, who is tenured as a public school instructor, served simultaneously as Assistant to the Superintendent and Federal Programs Coordinator in the Greene County school system. She held these positions just over three years.
On May 27, 1983, the Board of Education adopted a resolution which abolished Singleton's two central office positions and reassigned her to a newly created position, Chapter One Coordinator. This reassignment included a reduction in salary.
Singleton requested and was given a hearing before the Board. The Board reaffirmed the resolution. Singleton appealed to the Alabama State Tenure Commission, and the Commission affirmed the Board's decision, stating that the two central office positions were "administrative rather than supervisory, and therefore not a tenured position."
Singleton petitioned the Greene County Circuit Court for a writ of mandamus. The circuit court granted the writ and held Singleton's position as Federal Programs *Page 186 
Coordinator was supervisory. The circuit court supported its holding by stating that the superintendent regarded the position of Federal Programs Coordinator as supervisory in nature. Due to her length of service in those positions, the circuit court concluded: (1) Singleton was tenured as a "supervisor" pursuant to § 16-24-2, Code of Alabama 1975, and (2) the Greene County Board of Education had therefore not complied with the Alabama teacher tenure laws.
The Commission appeals and we reverse the judgment of the circuit court. The standard of review for the circuit court, as well as this court, is appellate in nature. Alabama StateTenure Commission v. Oneonta City Board of Education,376 So.2d 197 (Ala.Civ.App.), cert. denied, 376 So.2d 199 (Ala. 1979). The Commission's conclusions and judgment will not be reversed on appellate review as being unjust unless they are against the preponderance of the evidence and the overwhelming weight of the evidence. Jones v. Alabama State Tenure Commission,408 So.2d 145 (Ala.Civ.App. 1981).
The dispositive issue is whether the Commission's conclusion that Singleton's positions were administrative rather than supervisory is against the preponderance and overwhelming weight of the evidence.
We are aware of only two cases in Alabama defining the term "supervisor" in §§ 16-24-1, -2, Code of Alabama 1975. They areSmith v. Birmingham Board of Education, 403 So.2d 226 (Ala. 1981), and Alabama State Tenure Commission v. Green,409 So.2d 850 (Ala.Civ.App. 1981). A common thread running through both cases is that a supervisor must be actively involved with both students and teachers in the school setting. Smith was a student advisor who shared with the principal the responsibility of protecting the health and welfare of the students. Green, a coordinator of guidance and counseling, counseled students and conducted teacher training sessions. Both were held to be supervisors, despite any additional non-supervisory duties.
We also note that in defining "teacher" as an instructor, supervisor or principal for purposes of tenure, the Code requires they be employed in the public elementary and high schools of the state of Alabama. § 16-24-1, Code 1975. In the case at bar, Singleton was located in the central office of the Greene County school system. Her responsibilities as Federal Programs Coordinator apparently involved little if any participation with students or teachers. The position of assistant to the superintendent clearly appears administrative.
We find the preponderance and overwhelming weight of the evidence supports the Commission's decision. The circuit court erred under our standard of review. Therefore, the circuit court's judgment is reversed, the petition for writ of mandamus should be denied and the order of the Alabama State Tenure Commission, dated October 28, 1984, is due to be affirmed.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.