This is an appeal by Dr. James E. Owen, the president of Chattahoochee Valley State Community College (CVCC), from an order of the Circuit Court of Russell County which issued a writ of mandamus compelling Owen to re-employ Johnnie B. Rutledge.
Rutledge was employed by CVCC on a year-to-year basis as an instructor from *Page 827 
September 1975 until August 1977. Apparently, Rutledge also served unofficially as a Veterans Administration counselor. In March 1977, Rutledge and CVCC entered into a contract whereby in September of 1977, Rutledge would hold the position of Veterans Administration counselor until August 1978. Rutledge continued to teach while serving as VA counselor and remained on a "faculty pay schedule" for part of that year. On May 1, 1978, Rutledge assumed the position of director of "extended day programs," undisputedly an administrative position. His salary was increased and he was moved from a "faculty pay schedule" to a "salary schedule for professional personnel not included in other schedules." Rutledge remained in an administrative position until he was terminated pursuant to the procedure for terminating nontenured personnel in 1981. Rutledge did continue to teach, during the remainder of his employment, as all administrators were required to do, except during his last year. Rutledge then petitioned the Circuit Court of Russell County for a writ of mandamus to compel Owen to re-employ him. The writ was issued.
On appeal Owen raises three issues:
 "I. Whether mandamus is an appropriate remedy to enforce alleged rights which arise solely out of contract.
 "II. Whether administrators are entitled to gain tenure under the rules and regulations of the state junior, community and technical colleges.
 "III. Whether an official of a state junior, community [or] technical college has the authority to contractually bind a state college by disregarding the longstanding administrative interpretation of an administrative rule of the state junior, community, and technical colleges."
We will address these issues in the sequence presented by Owen.
 I.
Mandamus is an appropriate remedy to enforce the rights of teachers under the tenure laws. Of course, the threshold question presented here is whether Rutledge was tenured. That is a proper issue to be litigated in circuit court. Cf., Berryv. Pike County Board of Education, 448 So.2d 315 (Ala. 1984). We have held that if a teacher is in fact tenured under Chapter 24 of Title 16 of the Code of Alabama 1975, "Tenure of Employment of Teachers," then mandamus will lie to enforce the rights of the tenured teacher. Wooten v. Alabama State TenureCommission, 421 So.2d 1277 (Ala.Civ.App. 1982); Alabama StateTenure Commission v. Green, 409 So.2d 850 (Ala.Civ.App. 1982). We believe that the same rule should apply with regard to the tenure of teachers employed by junior, community, and technical colleges under the provisions of § 16-60-111 (now §16-60-111.4) and rules and regulations duly adopted under the authority of that statute by the Alabama State Board of Education.
 II.
The resolution of the issue of whether Rutledge was entitled to tenure turns upon the construction of Section 612 of the Rules and Regulations of the State Board of Education. Section 612 reads:
 "An instructor or professional staff member may achieve continuing service status when he has been approved for employment by the State Board of Education for the fourth consecutive year. No person is eligible for continuing service who does not possess the minimum degree requirement in his specialty."[1]
Tenure rules are to be read into all contracts entered into by school boards and teachers. Cf., Madison County Board ofEducation v. Wigley, 288 Ala. 202, 259 So.2d 233 (1972). *Page 828 
Owen contends that an administrator is not a "professional staff member" and therefore that Rutledge was not entitled to tenure, as Rutledge had not been "approved for employment [as an instructor] for a fourth consecutive year." The trial court found, and we agree, that the term "professional staff member" is ambiguous.[2] The court having found that the contract is ambiguous,
 "it becomes a question for the factfinder to determine the true meaning of the contract. Mass. Appraisal Services, Inc. v. Carmichael, 404 So.2d 666
(Ala. 1981). Furthermore, surrounding circumstances, including the construction placed on the language by the parties, is to be taken into consideration in order to ascertain and carry out the intention of the parties. See, Carmichael, supra; City of Montgomery v. Maull, 344 So.2d 492 (Ala. 1977). Also, it is axiomatic that ambiguities should be interpreted most strongly against the party drawing the contract. Lilley v. Gonzales, 417 So.2d 161 (Ala. 1982); United States Fidelity Guaranty Corp. v. Elba Wood Products, Inc., 337 So.2d 1305 (Ala. 1976)."
Rivers v. Oakwood College, 442 So.2d 74, 76 (Ala. 1983).
The evidence presented by the parties was in sharp conflict. Rutledge put forth testimony from Dr. Savage, president of CVCC at the time Rutledge was employed, that he thought the term included administrators. Rutledge also placed into evidence the minutes of a meeting of the State Board of Education in 1979 at which the Board considered the question of whether § 612, originally adopted in 1967, should be amended to explicitly remove administrators from its provisions. From those minutes it is apparent that some members of the Board, particularly Dr. Martin, who was chairman of the Board when § 612 was adopted, were concerned that § 612 had included administrators as persons eligible for tenure. It is interesting to note that the Board did later amend § 612 in 1979 to explicitly exclude administrators from being eligible for tenure. Owen put forth testimony from Dr. Wayne Teague, the current State Superintendent of Education; Dr. Ernest Stone, State Superintendent of Education from 1967 to 1970; Dr. Erskine Murray, Assistant Superintendent of Education for General Administration; and others to the effect that administrators did not attain tenure. The trial court concluded that Rutledge was entitled to tenure under § 612 as it read when Rutledge was hired.
When the factfinder's conclusions are based upon evidence presented ore tenus, or partly so, we will not disturb those conclusions unless they are palpably wrong and contrary to the great weight of the evidence. Murphree v. Henson, 289 Ala. 340,267 So.2d 414 (1972); Lott v. Keith, 286 Ala. 431,241 So.2d 104 (1970). Owen presented numerous witnesses who testified it was their interpretation of § 612 that it did not grant administrators tenure. However, only one of these witnesses, Dr. Stone, was present when the original rule was adopted. Dr. Martin, who was chairman of the Board when § 612 was originally adopted, expressed his opinion in the 1979 meeting that administrators were probably covered by § 612. While the question is a close one, we are not prepared to say that the trial court's conclusions are palpably wrong.
 III.
Our disposition of the previous issue is dispositive of the question raised here. Initially we note that while Owen characterizes his interpretation of § 612 as the longstanding interpretation of an administrative rule, there is no such written interpretation on record. There is a "Superintendent's Policy Statement No. 15," issued in 1970, stating that persons on the pay schedule styled "Twelve-Month Personnel Not Included in Other Salary Schedules" will not achieve continuing status, but that policy statement is in itself ambiguous. *Page 829 
The testimony of Dr. Stone, the author of that statement, points out the ambiguous nature of the statement, since even he characterizes the statement as only implying that administrators cannot obtain tenure. He further testified that as far as he knew the question had otherwise never arisen. The point is that, contrary to Owen's contentions, this is not a case where an agent has taken some action in contravention of clearly established rules. It is undisputed that Dr. Savage had authority to hire personnel. The only question is what the terms of the contract, as expressed by the Board in § 612, were. That issue was resolved in favor of Rutledge.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.
[1] The appellant did not argue whether Rutledge possessed "the minimum degree requirement in his specialty"; therefore, we assume that he did.
[2] We note, after reviewing the testimony and exhibits, that the whole field of tenure for junior, community, and technical college personnel at the time in question was ambiguous.