ALMON, Justice.
This petition for writ of certiorari seeks a definition of “supervisor” within the meaning of the teacher tenure law, Code 1975, § 16-24-1 et seq. Petitioner, Dr. Rolland Oden, requests a reversal of the Court of Civil Appeals’ decision, 495 So.2d 659, that he did not have continuing service status in his position as supervisor of transportation for the Morgan County Board of Education. We granted the writ because the petition presents a material question of first impression.
Code 1975, § 16-24-1, defines “teacher”:
“The term ‘teacher,’ as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervisors in the public elementary and high schools of the state of Alabama....”
(Emphasis added.)
Section 16-24-2 gives the “[cjriteria for continuing service status for teachers, principals and supervisors
*665 “(a) Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year.
“(b) An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor. Such promotion shall in no way jeopardize the continuing service status of the teacher as an instructor; and, should the promoted instructor not be retained as principal or supervisor, his salary would be reduced to the salary paid instructors in accordance with the prevailing salary schedule in the county or city school system.”
(Emphasis added.)
A teacher who meets the requirements of Code 1975, § 16-24-2, attains continuing service status, which does not inhere in the particular teaching position the teacher holds at the time, but in the teacher. The teacher retains continuing service status through transfers and promotions.
A teacher who attains continuing service status as an instructor, § 16-24-2(a), retains that status upon promotion to principal or supervisor, § 16-24-2(b). To earn continuing service status as a principal or supervisor, an instructor must continue under contract in the new position for three years. “Principal” or “supervisor” tenure is in effect a second-level tenure. Logic and the statutory scheme of tenure compel the conclusion that, once one has earned continuing service status as a principal, that second-level tenure remains with one upon a move to a position as supervisor.
Dr. Oden entered the system as an instructor and achieved tenure in that capacity. He was promoted to principal and achieved tenure in that capacity. He was a tenured principal when he applied for the job of supervisor of transportation, when the Board offered him the job, and when he accepted the offer. He later submitted a letter of resignation from the position of principal at Union Hill Junior High. This letter does not have to be read as relinquishing Dr. Oden’s continuing service status. It could as easily be token merely as formal written notice that Dr. Oden was leaving the principalship of the school in which he had been serving. In fact, Dr. Oden testified that the superintendent asked him to write the letter because he (the superintendent) was having difficulty hiring a new principal. If the Board had hired Dr. Oden as principal of another school and then the superintendent requested a letter of resignation as in this case, surely no one would argue that Dr. Oden lost tenure by submitting the letter.
The question, therefore, is whether Dr. Oden could hold tenure as a supervisor when he became supervisor of transportation. The dissenting Justices would hold that supervisor of transportation is not a “supervisor” position because the job description did not require an applicant to be certified as a teacher and because the supervisor of transportation does not have an active involvement with students.
To the first rationale, I would answer that the dissenting Justices place too much emphasis on the position and not enough on the individual. They place tenure in a position. The teacher tenure statutes were enacted to protect persons from arbitrary discharge, “to insure to the teachers some measure of security.” Board of Education of Marshall County v. Baugh, 240 Ala. 391, 395, 199 So. 822, 825 (1941).
Dr. Oden was a certified, tenured teacher when the Board offered him the job of supervisor of transportation. The Board did not tell him he would lose his tenure if he took the job, and there was no other indication that he would not continue as a tenured teacher if he took the job. The teacher tenure law is to be construed liberally in favor of teachers, who are its primary beneficiaries. Berry v. Pike *666 County Board of Education, 448 So.2d 315 (Ala.1984); Barger v. Jefferson County Board of Education, 372 So.2d 307 (Ala.1979); Board of Education of Marshall County v. Baugh, supra. The lack of a requirement that the supervisor of transportation hold a teacher’s certificate should not deprive Dr. Oden of his tenure.
Nor do I agree with the dissenting Justices’ interpretation that a “supervisor” must have active involvement with students. Section 16-24-1 defines “teacher” as including instructors, principals, and supervisors, but does not define “supervisor.” Section 16-24-2(b) relates how a tenured instructor may become a tenured principal or supervisor, but does not define “supervisor.”
Nowhere does the “Education” title of the Code define “supervisor.” Section 16-23-1 requires that anyone employed as a supervisor, among other positions, shall hold a certificate issued by the state superintendent of education, but again this section uses the term without definition. Sections 16-9-24 and 16-12-16 refer to the nomination by county and city superintendents of persons to be supervisors. Section 16-9-24 mentions an “elementary school supervisor” who must hold “a certificate of administration and supervision as required of county superintendents of education [§ 16-9-2(a)(l) ],” but also mentions “health supervisors” for whom no such requirement is made. The supervisors mentioned in § 16-12-16 must hold certificates issued by the state board of education.
There is a Code section which provides for the very job held by Oden, but which has not been mentioned by any of the parties. Chapter 27 is titled “Transportation of Pupils,” and § 16-27-1 provides in part:
“The state board of education shall prescribe rules and regulations:
(1) Requiring all local boards of education which provide transportation services for pupils going to and from public elementary and secondary schools of Alabama ... to employ a competent supervisor or manager of such transportation services.... ”
(Emphasis added.) The chapter says nothing further about this supervisor.
In Smith v. Birmingham Bd. of Ed., 403 So.2d 226 (Ala.1981),[1] this Court listed the duties of a boys’ advisor in a Birmingham high school and concluded that the record included an abundance of evidence to support the trial court's finding that the position was that of a “supervisor”. The result was that Smith had not attained tenure as a boys’ advisor, having had less than three years’ service in that position, even though he had long had tenure as an instructor.
The Court of Civil Appeals, in Alabama State Tenure Comm’n v. Green, 409 So.2d 850 (Ala.Civ.App.1981), and Alabama State Tenure Comm’n v. Singleton, 475 So.2d 185 (Ala.Civ.App.1984), focused on those duties of a boys’ advisor set out in Smith that involved the advisor’s interaction with students and teachers, and concluded that “a supervisor must be actively involved with both students and teachers in the school setting.” Singleton, at 186. Nothing in either the Code or the holding in Smith requires such a conclusion.
Webster’s Third New International Dictionary (1971) defines “supervise” as
“to coordinate, direct, and inspect continuously and at first hand the accomplishment of: oversee with the powers of direction and decision the implementation of one’s own or another’s intentions: superintend.”
It defines “supervisor” as
“one that supervises a person, group, department, organization, or operation: as ... an officer of a school system who assists and supervises teachers in curriculum planning and methods of instruction or in the teaching of a special subject (supervisor of music) (art supervisor).”
*667 Nothing in the Code title on education indicates that the legislature used the term in the limited or technical sense of the example last quoted. Rather, the loose, general, and undefined use of the term in the Code requires that the general definition of “supervisor” should apply, and this definition fits the position held and the work done by Oden as supervisor of transportation. We note that the advisor’s duties listed in Smith show the coordinating, directing, and oversight functions of the definitions quoted above.
As stated above, the teacher tenure law should be construed in favor of teachers, who are the law’s primary beneficiaries. See the cases cited above, and also Owen v. Rutledge, 475 So.2d 826 (Ala.1985). Applying this rule of construction, we hold that the Court of Civil Appeals erred in construing the term “supervisor” against Oden and determining that he no longer had tenure when he became transportation supervisor.
The judgment of the Court of Civil Appeals is reversed and the cause remanded.
REVERSED AND REMANDED.
JONES, SHORES, ADAMS and STEA-GALL, JJ., concur.
TORBERT, C.J., MADDOX and BEAT-TY, JJ., and SNODGRASS, Special Justice, dissent.
HOUSTON, J., recused.
SNODGRASS, Circuit Judge, sitting as a Special Justice by order of the Court.

. Modified on other grounds, Ex parte Alabama State Tenure Commission, 430 So.2d 880 (Ala. 1983).