495 So.2d 664 (1986)
Ex parte Rolland ODEN.
(In re Rolland ODEN v. ALABAMA STATE TENURE COMMISSION).
84-600.
Supreme Court of Alabama.
May 23, 1986.
As Corrected on Denial of Rehearing July 11, 1986.
Gary E. Atchison, Montgomery, for petitioner.
Robert H. Harris of Caddell, Shanks, Harris, Moores & Murphree, Decatur, for respondent.
Jack Drake of Drake, Knowles & Pierce, Tuscaloosa, and Randy G. Stevens, Gen. Counsel, Ala. Educ. Ass'n, for amicus curiae Alabama Educ. Ass'n.
ALMON, Justice.
This petition for writ of certiorari seeks a definition of "supervisor" within the meaning of the teacher tenure law, Code 1975, § 16-24-1 et seq. Petitioner, Dr. Rolland Oden, requests a reversal of the Court of Civil Appeals' decision, 495 So.2d 659, that he did not have continuing service status in his position as supervisor of transportation for the Morgan County Board of Education. We granted the writ because the petition presents a material question of first impression.
Code 1975, § 16-24-1, defines "teacher":
"The term `teacher,' as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervisors in the public elementary and high schools of the state of Alabama...."
(Emphasis added.)
Section 16-24-2 gives the "[c]riteria for continuing service status for teachers, principals and supervisors":

*665 "(a) Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year.
"(b) An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor. Such promotion shall in no way jeopardize the continuing service status of the teacher as an instructor; and, should the promoted instructor not be retained as principal or supervisor, his salary would be reduced to the salary paid instructors in accordance with the prevailing salary schedule in the county or city school system."
(Emphasis added.)
A teacher who meets the requirements of Code 1975, § 16-24-2, attains continuing service status, which does not inhere in the particular teaching position the teacher holds at the time, but in the teacher. The teacher retains continuing service status through transfers and promotions.
A teacher who attains continuing service status as an instructor, § 16-24-2(a), retains that status upon promotion to principal or supervisor, § 16-24-2(b). To earn continuing service status as a principal or supervisor, an instructor must continue under contract in the new position for three years. "Principal" or "supervisor" tenure is in effect a second-level tenure. Logic and the statutory scheme of tenure compel the conclusion that, once one has earned continuing service status as a principal, that second-level tenure remains with one upon a move to a position as supervisor.
Dr. Oden entered the system as an instructor and achieved tenure in that capacity. He was promoted to principal and achieved tenure in that capacity. He was a tenured principal when he applied for the job of supervisor of transportation, when the Board offered him the job, and when he accepted the offer. He later submitted a letter of resignation from the position of principal at Union Hill Junior High. This letter does not have to be read as relinquishing Dr. Oden's continuing service status. It could as easily be taken merely as formal written notice that Dr. Oden was leaving the principalship of the school in which he had been serving. In fact, Dr. Oden testified that the superintendent asked him to write the letter because he (the superintendent) was having difficulty hiring a new principal. If the Board had hired Dr. Oden as principal of another school and then the superintendent requested a letter of resignation as in this case, surely no one would argue that Dr. Oden lost tenure by submitting the letter.
The question, therefore, is whether Dr. Oden could hold tenure as a supervisor when he became supervisor of transportation. The dissenting Justices would hold that supervisor of transportation is not a "supervisor" position because the job description did not require an applicant to be certified as a teacher and because the supervisor of transportation does not have an active involvement with students.
To the first rationale, I would answer that the dissenting Justices place too much emphasis on the position and not enough on the individual. They place tenure in a position. The teacher tenure statutes were enacted to protect persons from arbitrary discharge, "to insure to the teachers some measure of security." Board of Education of Marshall County v. Baugh, 240 Ala. 391, 395, 199 So. 822, 825 (1941).
Dr. Oden was a certified, tenured teacher when the Board offered him the job of supervisor of transportation. The Board did not tell him he would lose his tenure if he took the job, and there was no other indication that he would not continue as a tenured teacher if he took the job. The teacher tenure law is to be construed liberally in favor of teachers, who are its primary beneficiaries. Berry v. Pike *666 County Board of Education, 448 So.2d 315 (Ala.1984); Barger v. Jefferson County Board of Education, 372 So.2d 307 (Ala. 1979); Board of Education of Marshall County v. Baugh, supra. The lack of a requirement that the supervisor of transportation hold a teacher's certificate should not deprive Dr. Oden of his tenure.
Nor do I agree with the dissenting Justices' interpretation that a "supervisor" must have active involvement with students. Section 16-24-1 defines "teacher" as including instructors, principals, and supervisors, but does not define "supervisor." Section 16-24-2(b) relates how a tenured instructor may become a tenured principal or supervisor, but does not define "supervisor."
Nowhere does the "Education" title of the Code define "supervisor." Section 16-23-1 requires that anyone employed as a supervisor, among other positions, shall hold a certificate issued by the state superintendent of education, but again this section uses the term without definition. Sections 16-9-24 and 16-12-16 refer to the nomination by county and city superintendents of persons to be supervisors. Section 16-9-24 mentions an "elementary school supervisor" who must hold "a certificate of administration and supervision as required of county superintendents of education [§ 16-9-2(a)(1)]," but also mentions "health supervisors" for whom no such requirement is made. The supervisors mentioned in § 16-12-16 must hold certificates issued by the state board of education.
There is a Code section which provides for the very job held by Oden, but which has not been mentioned by any of the parties. Chapter 27 is titled "Transportation of Pupils," and § 16-27-1 provides in part:
"The state board of education shall prescribe rules and regulations:
(1) Requiring all local boards of education which provide transportation services for pupils going to and from public elementary and secondary schools of Alabama... to employ a competent supervisor or manager of such transportation services...."
(Emphasis added.) The chapter says nothing further about this supervisor.
In Smith v. Birmingham Bd. of Ed., 403 So.2d 226 (Ala.1981),[1] this Court listed the duties of a boys' advisor in a Birmingham high school and concluded that the record included an abundance of evidence to support the trial court's finding that the position was that of a "supervisor". The result was that Smith had not attained tenure as a boys' advisor, having had less than three years' service in that position, even though he had long had tenure as an instructor.
The Court of Civil Appeals, in Alabama State Tenure Comm'n v. Green, 409 So.2d 850 (Ala.Civ.App.1981), and Alabama State Tenure Comm'n v. Singleton, 475 So.2d 185 (Ala.Civ.App.1984), focused on those duties of a boys' advisor set out in Smith that involved the advisor's interaction with students and teachers, and concluded that "a supervisor must be actively involved with both students and teachers in the school setting." Singleton, at 186. Nothing in either the Code or the holding in Smith requires such a conclusion.
Webster's Third New International Dictionary (1971) defines "supervise" as
"to coordinate, direct, and inspect continuously and at first hand the accomplishment of: oversee with the powers of direction and decision the implementation of one's own or another's intentions: superintend."
It defines "supervisor" as
"one that supervises a person, group, department, organization, or operation: as ... an officer of a school system who assists and supervises teachers in curriculum planning and methods of instruction or in the teaching of a special subject (supervisor of music) (art supervisor)."
*667 Nothing in the Code title on education indicates that the legislature used the term in the limited or technical sense of the example last quoted. Rather, the loose, general, and undefined use of the term in the Code requires that the general definition of "supervisor" should apply, and this definition fits the position held and the work done by Oden as supervisor of transportation. We note that the advisor's duties listed in Smith show the coordinating, directing, and oversight functions of the definitions quoted above.
As stated above, the teacher tenure law should be construed in favor of teachers, who are the law's primary beneficiaries. See the cases cited above, and also Owen v. Rutledge, 475 So.2d 826 (Ala.1985). Applying this rule of construction, we hold that the Court of Civil Appeals erred in construing the term "supervisor" against Oden and determining that he no longer had tenure when he became transportation supervisor.
The judgment of the Court of Civil Appeals is reversed and the cause remanded.
REVERSED AND REMANDED.
JONES, SHORES, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., MADDOX and BEATTY, JJ., and SNODGRASS, Special Justice, dissent.
HOUSTON, J., recused.
SNODGRASS, Circuit Judge, sitting as a Special Justice by order of the Court.

ON APPLICATION FOR REHEARING
PER CURIAM.
OPINION CORRECTED; APPLICATION OVERRULED.
JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., MADDOX and BEATTY, JJ., and SNODGRASS, Special Justice, dissent.
HOUSTON, J., recused.
TORBERT, Chief Justice (dissenting).
I must respectfully dissent. I believe that the majority has incorrectly determined that Dr. Oden continued in a "tenure track position" when he became director of transportation in Morgan County.
Prior to December 1979, Dr. Oden served as principal of the Union Hill Junior High School for a period of time sufficient to qualify him for continuing service, or tenure, status in that position. In October 1979, the position of director of transportation for the Morgan County educational system became available, and notices requesting applications for the job were distributed. Dr. Oden, along with eight other persons, submitted an application and was interviewed for this job. On December 13, 1979, the Board acted on the recommendation of the school superintendent and employed Dr. Oden in that position. Thereafter, on January 2, 1980, pursuant to a request by the school superintendent, Dr. Oden submitted a letter of resignation from the position of principal at Union Hill Junior High, and that resignation was accepted by the Board on January 10, 1980.
Dr. Oden was re-employed as director of transportation for the 1980-81 and 1981-82 school years. However, on May 11, 1982, the Board declined to re-employ Dr. Oden for the next school year. At the direction of his attorney, Dr. Oden continued to act in that position until he received a formal letter from the school superintendent directing him to discontinue doing so.
Dr. Oden first contends that the Court of Civil Appeals was in error by finding that the position of director of transportation for Morgan County was not a "supervisor" position for purposes of Alabama's teacher tenure laws. He argues that his employment in this position kept him in a "tenure-track" position, which prevented his dismissal without a hearing. In order for the position of director of transportation to be a "tenure-track" position, it must qualify as a "supervisor" position under Code 1975, § 16-24-1. There are several reasons why I believe that this position does not qualify as a "supervisor" position.
*668 First, in order for a person to be deemed a "teacher," which includes the position of "supervisor," for purposes of the teacher tenure laws, he must meet the qualifications contained in § 16-24-1. The initial portion of that section is as follows:
"The term `teacher' as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervisors...." (Emphasis added.)
Therefore, a prerequisite for a person to be considered a "teacher," and to qualify for continuing service, or tenure, status, is to be regularly certified by the teacher certificating authority of the state. See, Steele v. Matthews, 253 Ala. 255, 258, 44 So.2d 1, 3 (1950).
It is clear from the record in this case that the person who was to fill the position of director of transportation was not required to be regularly certified as a "teacher." When the Board advertised for applicants to fill this position, the qualifications necessary to fill this particular job did not include a requirement that the person be regularly certified as a "teacher." It was also evident from the testimony produced at Dr. Oden's hearing before the Alabama State Tenure Commission that other persons who had previously held this position were not regularly certified as "teachers." In the absence of the requirement of regular certification as a "teacher," I believe that the position of director of transportation could not qualify as a "supervisor" position.
The second reason why the position of director of transportation should not be classified as a "supervisor" position for purposes of the teacher tenure laws is concerned with the extent of the duties of that position. Although there are but a few cases that have developed a definition for the term "supervisor," the determination in each case has been focused on one key element: the person who occupies the position must have an active involvement with the students within the school system. See, e.g., Alabama State Tenure Commission v. Singleton, 475 So.2d 185 (Ala.Civ. App.1985) (holding that an assistant to the school superintendent was not a "supervisor"); Alabama State Tenure Commission v. Green, 409 So.2d 850 (Ala.Civ.App. 1981) (holding that a counselor who was actively involved with the counseling of students was a "supervisor").
In this case, the facts do not support a finding that Dr. Oden's duties as director of transportation for the county required active involvement with the students in the Morgan County school system. The testimony that was presented indicated that Dr. Oden had only intermittent or sporadic contacts with students concerning bus safety. This testimony shows nothing more than incidental involvement with students and shows that the primary duty of this position was to oversee the transportation needs of the county. Thus, the duties performed by Dr. Oden in this position are more closely associated with administrative functions, which fall outside the definition of a "supervisor." See, Singleton, supra.
Dr. Oden also contends that regardless of whether his position as director of transportation was a "supervisor" position, he still should be entitled to continuing service, or tenure, status based on his position as a principal. Dr. Oden argues that his resignation as principal was given as an administrative convenience for the school superintendent and was never intended as a relinquishment of tenure rights. Apparently, the majority agrees with Dr. Oden's argument. As a preface to the discussion concerning Dr. Oden's letter of resignation, the majority states the following: "Logic and the statutory scheme of tenure compel the conclusion that, once one has earned continuing service status as a principal, that second-level tenure remains with one upon a move to a position as supervisor." However, the "statutory scheme of tenure" clearly indicates that any tenure status would remain with a person only if he is transferred pursuant to Code 1975, § 16-24-5, to a new position or if an instructor is promoted to a principal or supervisor position pursuant to Code 1975, § 16-24-2(b). See, Marshall County Board of Education *669 v. State Tenure Commission, 291 Ala. 273, 278, 280 So.2d 114, 118 (1973); Clark v. Beverly, 257 Ala. 484, 490, 59 So.2d 810, 816 (1952).
In this case, the record reflects that Dr. Oden sought appointment to the position of director of transportation by filing an application for employment and by being interviewed for the job. Following his appointment to the position of director of transportation, Dr. Oden was asked by the school superintendent to submit his resignation as principal so that the Board could fill that position. On January 2, 1980, Dr. Oden complied with this request, and the Board accepted his resignation on January 10, 1980. There was no evidence presented at the hearing before the Commission that Dr. Oden had been transferred to the position of director of transportation pursuant to Code 1975, § 16-24-5, or that he had been promoted to it pursuant to Code 1975, § 16-24-2.[1] In fact, I believe Dr. Oden's resignation from his previous position, in which he had tenure, and his acceptance of a new position, where he could not have attained tenure, have had the effect of superseding the previous contract with a new contract. See, Code 1975, § 16-24-3. Cf. Enzor v. Faircloth, 253 Ala. 266, 269, 43 So.2d 811, 814 (1949) (a school board was not required to reinstate a previously tenured teacher who had intentionally abandoned her contract).
For all of the foregoing reasons, I believe that the judgment of the Court of Civil Appeals was correct and that its judgment should be affirmed.
MADDOX and BEATTY, JJ., and SNODGRASS, Special Justice, concur.
NOTES
[1] Modified on other grounds, Ex parte Alabama State Tenure Commission, 430 So.2d 880 (Ala. 1983).
[1] Dr. Oden argues that the opinions of this Court in Dickey v. McClammy, 452 So.2d 1315 (Ala.1984), and Ex parte Alabama State Tenure Commission, 430 So.2d 880 (Ala.1983), require a finding that his tenure status as principal did not terminate with his resignation. However, in Dickey we were dealing with a situation where the person had been transferred to a new position, and in Ex parte Alabama State Tenure Commission, we were concerned with a person who had been promoted to a new job. Because Dr. Oden was not transferred or promoted, the decisions in those cases are inapplicable.