HOUSTON, Justice.
At issue in this case is whether a superintendent of a county board of education is a “supervisor” within the meaning of the teacher tenure law, Ala. Code 1975, § 16-24-1 et seq. The Winston County Board of Education determined that the petitioner, Letha G. Weaver, had abandoned her teaching position and relinquished her continuing service status (tenure) by seeking and being elected to the office of Winston County superintendent of education. On appeal, the Alabama Tenure Commission affirmed the Board’s decision, finding that Weaver “relinquished her tenure[d] status when she voluntarily ran for an elective public office.” Weaver then appealed to the Circuit Court of Winston County, which found that the Tenure Commission’s decision was unjust and against the great weight of the evidence. The circuit court ordered the Tenure Commission to reverse the decision of the Board of Education and find that Weaver maintained her status as a tenured instructor, or, alternatively, that she attained status as a tenured supervisor. The Court of Civil Appeals, 559 So.2d 176, reversed the circuit court’s judgment, holding that the “preponderance and weight of the evidence” supported the Tenure Commission’s finding that Weaver had relinquished her tenured status. We granted the writ of certiorari because the petition presented a material question of first impression. See Rule 39, A.R.App.P.
The scope of appellate review in teacher tenure cases is provided by Ala.Code 1975, § 16-24-38:
“The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located.” (Emphasis added.)
In this case, appellate review concerns the cancellation of a teacher • contract.
Scrutiny of § 16-24-38 reveals that the scope of review by the trial court and by this Court is limited to two determinations: Whether the Tenure Commission’s action was in compliance with the law governing teacher tenure; and whether the Tenure Commission’s action was unjust. Alabama State Tenure Comm’n v. Mountain Brook Bd. of Educ., 343 So.2d 522 (Ala.1976). It is undisputed that the action of the Tenure Commission was in compliance with the law governing teacher tenure.
*180 The second inquiry is whether the action of the Tenure Commission was unjust. In Ex parte Alabama State Tenure Comm’n, 555 So.2d 1071 (Ala.1989), this Court recently clarified the standard to be used in determining whether an action of the Tenure Commission is unjust. We stated that “the scope of judicial review is extremely limited in teacher tenure cases, and [that] the decision of the Commission should not be reversed unless the overwhelming weight of the evidence dictates otherwise.” Ex parte Alabama State Tenure Comm’n, supra.
In the situation before us, however, the particular facts are not disputed. Letha G. Weaver was continuously employed as a teacher by the Winston County Board of Education from 1961 to 1981. As a result of this employment, she attained continuing service status as an instructor. In 1980, she campaigned for and was elected superintendent of education of Winston County. She acted in that capacity from July 1, 1981, to June 1985. In June 1985, she applied for a position with the Board’s school system, but she was not hired. Pri- or to June 1985, her employment contract was not terminated by the Board pursuant to the requirements of Ala.Code 1975, § 16-24-9, which requires the Board of Education to give notice and a hearing before cancelling a tenured teacher’s employment contract.
Grounds for cancellation of a teacher’s employment contract are set out at Ala.Code 1975, § 16-24-8:
“Cancellation of an employment contract with a teacher on continuing service status may be made for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions or other good and just cause_” (Emphasis added.)
“A contention that a teacher ‘abandoned’ her contract falls within the category of ‘neglect of duty.’” Alabama Ass’n of School Boards v. Walker, 492 So.2d 1013, 1017 (Ala.1986). “Abandonment” can be a valid reason for cancelling a tenured teacher’s employment contract, and whether abandonment actually occurred in a particular case is determined by the employing board, subject to appeal to the State Tenure Commission, pursuant to Ala.Code 1975, § 16-24-10, and review by the circuit court, pursuant to Ala.Code 1975, § 16-24-38. Alabama Ass’n of School Boards v. Walker, supra.
The issue before us is. whether Weaver abandoned her tenured position as instructor, as the Tenure Commission held, or was promoted to the position of a “supervisor” within the meaning of Ala.Code 1975, § 16-24-2, as Weaver claims.
Alabama Code 1975, § 16-24-1, defines the term “teacher”:
“The term ‘teacher,’ as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervisors in the public elementary and high schools of the state of Alabama....” (Emphasis added.)
Section 16-24-2, gives the “[criteria for continuing service status for teachers, principals and supervisors ”:
“(a) Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year.
“(b) An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor. Such promotion shall in no way jeopardize the continuing service status of the teacher as an instructor; and, should the promoted instructor not be retained as principal or supervisor, his salary would be reduced to the salary paid instructors in accordance with the prevailing salary schedule *181 in the county or city school system.” (Emphasis added.)
In Ex parte Oden, 495 So.2d 664, 665 (Ala.1986), Justice Almon stated:
“A teacher who meets the requirements of Code 1975, § 16-24-2, attains continuing service status, which does not inhere in the particular teaching position the teacher holds at the time, but in the teacher. The teacher retains continuing service status through transfers and promotions.” (Emphasis added.)
Mrs. Weaver entered the Winston County school system as an instructor and attained tenure at that level. She was then elected Winston County Superintendent of Education. She claims that election to the position of superintendent of education constitutes a promotion to the position of “supervisor” within the meaning of § 16-24-2. The Tenure Commission contends that Weaver abandoned her position as instructor by seeking an elective position as superintendent, a position not included within the § 16-24-1 definition of a “teacher.” The question, therefore, is whether a superintendent of education is a “supervisor” as defined in § 16-24-1.
In Ex parte Holladay, 466 So.2d 956, 960 (Ala.1985), Justice Maddox expressed the role of the Court in construing a statute:
“Where, as here, this Court is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Shelton v. Wright, 439 So.2d 55 (Ala.1983). Where a statutory pronouncement is distinct and unequivocal, there remains no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Dumas Brothers Manufacturing Co. v. Southern Guaranty Ins. Co., 431 So.2d 534 (Ala.1983).”
In this ease, the teacher tenure law is not a distinct and unequivocal statutory pronouncement. Nowhere in the “Education” title of the Code does the Legislature define “supervisor.” See Ex parte Oden, supra. Chapter 23 of the “Education” title, “Teacher Training and Certification,” § 16-23-1, provides that anyone employed as a “county superintendent of education,” “supervisor,” “principal,” or “teacher,” among other positions, must possess a certificate issued by the state superintendent of education. This sheds no light on whether the definition of “supervisor” includes a superintendent of education. The section lists “superintendent” as a separate position of employment from “teacher.” This might indicate that the Legislature intended that a superintendent of education is not to be included in the § 16-24-1 definition of “teacher.” However, “principal” and “supervisor,” which make up two of the three positions of employment listed in the § 16-24-1 definition of “teacher,” are also listed separately from “teacher” in § 16-23-1; and “instructor,” the third position of employment listed in the § 16-24-1 definition of “teacher,” is not mentioned in § 16-23-1 at all. Other sections within that title also refer to “supervisors,” but they do so without definition. See Ex parte Oden, supra, at 666. Lacking a distinct and unequivocal pronouncement of the meaning of the term “supervisor,” we must ascertain and effectuate the intent of the Legislature. Ex parte Holladay, supra.
“The teacher tenure statutes were enacted to protect persons from arbitrary discharge, ‘to insure to the teachers some measure of security.’ ” Ex parte Oden, supra, at 665; Board of Educ. of Marshall County v. Baugh, 240 Ala. 391, 395, 199 So. 822, 825 (1941). The teacher tenure law is to be construed liberally in favor of teachers, who are its principal beneficiaries. Ex parte Oden, supra; Berry v. Pike County Bd. of Educ., 448 So.2d 315 (Ala.1984); Barger v. Jefferson County Bd. of Educ., 372 So.2d 307 (Ala.1979); Board of Educ. of Marshall County v. Baugh, supra.
Webster’s Third New International Dictionary (1971), defines “supervise” as:
“[T]o coordinate, direct, and inspect continuously and at first hand the accom *182 plishment of: oversee with the powers of direction and decision the implementation of one’s own or another’s intentions: superintend.”
It defines “supervisor” as:
“[O]ne that supervises a person, group, department, organization, or operation: as ... an officer of a school system who assists and supervises teachers in curriculum planning and methods of instruction or in the teaching of a special subject (supervisor of music) (art supervisor).”
In construing the word “supervisor” in Oden, we held that “the loose, general, and undefined use of the term [‘supervisor’] in the Code” mandates that the general definition of “supervisor” should apply rather than the “limited or technical” definition given last in the example above. Ex parte Oden, supra, at 667. We held that, for purposes of the teacher tenure law, the general definition fits the job description for the position of supervisor of transportation provided in § 16-27-1 of Chapter 27, entitled “Transportation of Pupils.” Ex parte Oden, supra. Section 16-27-1 provides in part that the state board of education shall “employ a competent supervisor or manager of [transportation services for pupils going to and from public elementary and secondary schools].”
We hold that the general definition of “supervisor” fits the job description for the position held by Weaver as the county superintendent of education. Chapter 9, entitled “County Superintendents of Education,” § 16-9-1, provides a description of a superintendent’s duties:
“There shall be a county superintendent of education in each county of this state who shall act as the chief executive officer of the county board of education and who shall also be secretary of the county board of education....”
Section 16-9-2(a) provides that the superintendent of education shall be “a person of recognized ability as a school administrator” holding a “certificate in administration and supervision." (Emphasis added.)
Among other duties, the superintendent of education must prepare for approval by the county board of education rules governing admission requirements to junior and senior high schools (§ 16-9-19); prescribe courses of study for the county schools (§ 16-9-21); prepare rules for the grading and standardization of the county schools (§ 16-9-22); and visit the schools, observe the management, and give suggestions for the improvement of the schools (§ 16-9-26). The definition of “supervisor” given in Oden clearly fits the work done by Weaver.[1]
In determining that Weaver had not been promoted under the teacher tenure law, the Court of Civil Appeals found it important that Weaver was elected, rather than appointed, to the position of superintendent. We find this distinction to be unimportant. In Edmonds v. Bronner, 547 So.2d 1172 (Ala.1989), this Court held that whether a superintendent of education is elected or appointed is irrelevant in determining whether a superintendent may participate in the Teachers’ Retirement System provided for in § 16-25-1 et seq.:
“Whether an officer is a public officer under Ala. Const. § 98 must be determined by examining the duties of the office, the ‘being there,’ rather than the method by which the officer is selected, i.e., appointment or election, the ‘getting there.’ ... Dr. Edmonds’s duties as superintendent of education of Marshall County are performed under the control of the Marshall County board of education, and the method by which he was selected for that position is irrelevant. ...”
547 So.2d at 1177.
We adopt this reasoning in the instant case. Appointment or election to the office of county superintendent of education is a logical and progressive promotion from the position of school teacher. In fact, one *183 must prove that he has experience as a teacher, principal, supervisor, superintendent, educational administrator, or instructor in school administration in order to become eligible for appointment or election to the position of county superintendent of education. Ala.Code 1975, § 16-9-2(a)(3). Section 16-9-2 does not make any distinction between those appointed and those elected to the position of county superintendent of education; nor shall we make such a distinction.
Based on the foregoing, we hold that the general definition of “teacher” in § 16-24-1, supra, includes a county superintendent of education. The Court of Civil Appeals erred in holding that Weaver had abandoned her position as a tenured teacher by voluntarily campaigning for, and being elected to, the position of county superintendent of education.
The judgment of the Court of Civil Appeals is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
JONES, SHORES, ADAMS, STEAGALL and KENNEDY, JJ., concur.
MADDOX, J., dissents.

. Not only does the work done by Weaver fit the general definition of “supervisor” given above, but it also fits the "limited and technical” definition of "supervisor" given in Oden. However, we do not, by this opinion, limit the statutory term "supervisor" to that "limited and technical" definition.