L. CHARLES WRIGHT, Retired Appellate Judge.
Edd Barnes is employed by the Walker County Board of Education as a teacher. He has been so employed for 25 years. He has an AA teaching certificate. In addition to his teaching assignments, he has been either a designated assistant principal or an assistant principal at a junior high school for ten years.
James Beaty has been employed by the Walker County Board of Education as a teacher for 24 years. He has an AA teaching certificate. In addition to his teaching assignments, he has been employed as an assistant principal at an elementary/middle school for three years.
Beginning in 1991, Barnes and Beaty applied unsuccessfully for various principal and assistant principal positions throughout the county’s education system. They filed a complaint in the Circuit Court of Walker County in October 1991 and later filed an amended complaint in December 1992, alleging that they were unlawfully denied promotions and reinstatements. They alleged that the unlawful denials were due to the Board’s failure to adhere to its own rules and policies. Following oral proceedings, the trial court found in favor of the Board. Barnes and Beaty appeal.
I.
Barnes and Beaty initially assert that they should have been reinstated as assistant principals under the Board’s involuntary transfer policy.
In 1978 the Board negotiated with the Walker County Education Association a set of policies called “Policies Concerning Teachers.” The Board adopted the policies by resolution. At the time of the hearing, the policies were in effect.
Section 10, paragraph B, of the policies, the section pertinent to this appeal, provides the following:
“B. Involuntary Transfers of Continuing Service Status Personnel
“1) Teachers will not be involuntarily transferred from the school or subject assignment. However, in the event a court order or reduction in teacher units due to decreasing enrollment requires teacher transfers, after volunteers have been depleted, the remaining transfers shall be made on the basis of system-wide seniority, all other qualifications being equal.
*241 “2) The teacher who is involuntarily transferred shall have the right to be placed in his/her original or comparable position when such is available.”
The record reflects that in 1991 both Barnes and Beaty were employed as assistant principals in different schools. At the end of the 1991-92 school year, the Board eliminated all assistant principal positions due to a lack of funds.
During the summer, after securing additional funds, the Board voted to reinstate the assistant principal positions at seven schools. In each school the Superintendent recommended, and the Board appointed, the same assistant principal it had employed in the prior school year. Barnes and Beaty were not reinstated as assistant principals at their schools. The record reflects that Barnes and Beaty had better qualifications or more seniority than at least four of the assistant principals who were reinstated.
During 1992 and 1993, Barnes and Beaty applied for assistant principal positions at three different schools. Their applications were not successful. The record reflects that they had better qualifications and more seniority than the successful candidates.
Barnes and Beaty insist that if the Board had followed the proper procedure, as outlined in Section 10, paragraph B, of the “Policies Concerning Teachers,” they would have been returned to the status of assistant principals.
The trial court found that Section 10, paragraph B, was not applicable to the facts of the ease because assistant principals do not gain “continuing service status” within the meaning of the tenure laws.
It is true that § 16-24-1, Code 1975, does not include the position of assistant principal in the designation of those who may obtain continuing service status. However, as we hereinafter interpret the statute, it is unnecessary to determine whether one may obtain continuing service status as an assistant principal if he/she has gained that status as a “supervisor.” Section 10, paragraph B, applies to “teachers” who have gained continuing service status. Section 16-24-1, Code 1975, defines teacher in the following manner:
“The term ‘teacher,’ as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervisors-”
Both Barnes and Beaty are regularly certified and attained continuing service status as instructors some years ago.
In Ex parte Oden, 495 So.2d 664 (Ala. 1986), the supreme court explained the following:
“A teacher who meets the requirements of Code 1975, § 16-24-2, attains continuing service status, which does not inhere in the particular teaching position the teacher holds at the time, but in the teacher. The teacher retains continuing service status through transfers and promotions.
“A teacher who attains continuing service status as an instructor, § 16-24-2(a), retains that status upon promotion to principal or supervisor, § 16 — 24—2(b). To earn continuing service status as a principal or supervisor, an instructor must continue under contract in the new position for three years. ‘Principal’ or ‘supervisor’ tenure is in effect a second-level tenure.”
Therefore, we must determine whether assistant principals acquire continuing service status as “supervisors” under §§ 16-24-1 and 16-24-2(a).
In Ex parte Oden, the supreme court construed the term “supervisor,” holding that “the loose, general, and undefined use of the term in the Code requires that the general definition of ‘supervisor’ should apply-” 495 So.2d at 667. The court defined “supervisor” as one who “‘coordinate[s], direct[s], and inspect[s] continuously and at firsthand the accomplishment of: [one who] oversee[s] with the powers of direction and decision the implementation of one’s own or another’s intentions: [one who] superintend^.’ ” Mitchell v. Skinner, 603 So.2d 1023 (Ala. 1992) (quoting Ex parte Oden).
The record reflects that assistant principals within the Walker County Education System handle a mixture of discipline, at *242 tendance reports, bookkeeping, and other administrative tasks that vary from school to school. These activities bring the position of assistant principal -within the ambit of “supervisor.” We find, therefore, that Barnes and Beaty are supervisors and teachers, that Section 10, paragraph B, is applicable to them in this case, and that they have attained status as supervisor by serving as assistant principals for more than three years. Ex parte Oden.
Barnes and Beaty were involuntarily transferred in the summer of 1992 when their positions as assistant principals were abolished. Later in the summer, when the position of assistant principal was reinstated in seven schools, because the involuntary transfer policy required those transferred to be returned to available same or comparable positions on the basis of seniority, the assistant principals should have been reinstated in the order of their seniority, not merely because of prior occupancy at a particular school. If the proper procedure had been followed, Barnes and Beaty would have been entitled to reinstatement in their original positions or in comparable positions in other schools.
The trial court erred in determining that Section 10, paragraph B, did not apply to assistant principals. That provision of its judgment is reversed and the cause remanded to the court for proceedings consistent with this opinion.
II.
Barnes and Beaty next assert that the trial court erred in refusing to find that the Board failed to promote them to the positions of principal and assistant principal in accordance with a resolution passed in 1973.
In 1973 the Walker County Board of Education adopted a resolution, noting various factors to be considered in making personnel changes involving the positions of principals. Specifically, the resolution was • adopted as “Non-Diseriminatory Standards” created at the time of the bringing about of a unitary school system and was submitted to comply with the requirements of the decision in Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211 (5th Cir.1970).
The provision of the 1973 resolution, pertinent to this appeal, is as follows:
“II. If there is to be a reduction in the number of Principals employed by the Walker County Board of Education which will result in a dismissal or demotion of any principal, the principal to be dismissed or demoted must be selected on the basis of objectives and reasonable nondiscriminatory standards from among all the principals of the Walker County Board of Education using the following objectives and standards:

“Principals

“A. Degree or degrees held.
“B. Type of certificate.
“1. Number of semester hours beyond certificate held.
“2. Acceptance in post graduate program for further study.
“C. Number of years of experience.
“1. As a principal in this system.
“2. As a principal in any system.
“3. In the field of education other than principal.
“4. Leadership roles in field of education.
“5. Positions held in professional workshops, conferences, seminars, etc.
“D. Age.
“E. Health.
“F. Character.”
The record reflects that Barnes and Beaty applied unsuccessfully for promotion to various principal and assistant principal positions. In most instances, Barnes and Beaty held superior qualifications in the categories of total years of experience in teaching, years of experience in administration, and degrees held. They insist that they should have been promoted in accordance with the 1973 resolution in view of their superior qualifications in the above-mentioned categories.
We have reviewed the 1973 resolution in its entirety and find that the resolution has no application to the facts presented. The section relied on by Barnes and Beaty pertains only to situations when there is to be a *243 “reduction in the number of principals employed.” It obviously was not the intent of the Board to apply such objective criteria to the promotion of principals as evidenced by the very language of Singleton.
The judgment of the trial court as it pertains to the “involuntary transfer policy” is reversed and the cause remanded for the trial court to instruct the Board to reinstate Barnes and Beaty in a “comparable” assistant principal position on the basis of their seniority as of the 1992-93 school year. The remainder of the judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
All the Judges concur.