BRYAN, Judge,
concurring specially.
The Teacher Tenure Act, § 16-24-1 et seq., Ala.Code 1975, was enacted “ ‘to insure to the teachers some measure of security in their important work.’ ” Dickey v. McClammy, 452 So.2d 1315, 1317 (Ala.1984) (quoting Board of Educ. of Marshall County v. Baugh, 240 Ala. 391, 395, 199 So. 822, 825 (1941)). Section 16-24-12, Ala.Code 1975, provides that “[a]ny teacher ... shall be deemed offered reemployment for the succeeding school year at the same salary” unless proper notice is given to the teacher under that section. The notice requirement in § 16-24-12 clearly provides protection to teachers and allows them to plan for the immediate future. I do not believe a teacher ceases to be a teacher under § 16-24-12 if he or she takes an additional position at a school, such as an athletic coach. By its plain meaning, § 16-24-12 provides a teacher with a measure of security regarding his or her overall salary, regardless of whether that salary includes supplemental income earned by the teacher. To the extent that § 16-24-12 may be read as being unclear regarding the definition of “salary,” I note that the Teacher Tenure Act “is to be construed liberally in favor of teachers, who are its primary beneficiaries.” Ex parte Oden, 495 So.2d 664, 665 (Ala.1986). Accordingly, as the main opinion concludes, the teachers in this case were entitled to notice under § 16-24-12 when their salaries were reduced.