This is a teacher tenure case which presents a question of first impression.
Charles Lesley Wooten was notified by his employer, the DeKalb County Board of Education that his position as special education supervisor had been abolished and that he would be transferred to a classroom instructor position for the 1981-1982 school year. Wooten appealed his transfer to the Alabama State Tenure Commission. The Tenure Commission denied his appeal, stating that it lacked jurisdiction since Wooten had not attained continuing service status as a supervisor. Wooten petitioned for writ of mandamus in the DeKalb County Circuit Court on the authority of § 16-24-2 (b), Code 1975, which states:
 "An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor."
The parties stipulated in circuit court that Wooten was tenured as a classroom instructor, and was then promoted to supervisor where he served for three full years. The circuit court proceedings involved solely a question of law as to the meaning of § 16-24-2, Code 1975. The court denied the writ because Wooten was not reemployed for a fourth year in his supervisory position and thus, it said, did not gain tenure as a supervisor. The court utilized the reemployment for the succeeding [fourth] year requirement which is set out in §16-24-2 (a), Code 1975. From the denial of the writ, Wooten appeals.
We are of the opinion that § 16-24-2 (a) is not involved here. That section sets out the process through which non-tenured "teachers" — defined in § 16-24-1 of the Code to include instructors, principals and supervisors — shall gain continuing service status. It states that:
 "Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year."
Section 16-24-2 (b) is different. It provides the manner in which a tenured instructor who has been promoted to supervisor or principal shall gain tenure in the higher position. The promoted tenured instructor "shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor." §16-24-2 (b), Code 1975. The requirement of reemployment for the succeeding school year is absent. Section 16-24-2 (b) works to give a promotion advantage to those who have already served long enough in the system to have gained tenure as an instructor.
Thus, Wooten, a tenured teacher (instructor), gained tenure as a supervisor under § 16-24-2 (b) after employment in that capacity for three consecutive years. The denial of the petition for writ of mandamus must be reversed, and the Tenure *Page 1279 
Commission ordered to accept jurisdiction to determine the merits of Wooten's transfer.[1]
We note that in neither Alabama State Tenure Commission v.Green, 409 So.2d 850 (Ala.Civ.App. 1981), nor Haas v. MadisonCounty Board of Education, 380 So.2d 873 (Ala.Civ.App.), cert.denied, 380 So.2d 877 (Ala. 1980) was construction of § 16-24-2
(b) in issue.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.
[1] We do not have a record of proceedings before either the county board of education or the Tenure Commission. If the Tenure Commission was aware of Wooten's tenure status as an instructor, this case could have been disposed of by our recent opinion in Smith v. Alabama State Tenure Commission, [Ms. June 23, 1982] opinion extended on rehearing, [Ms. July 28, 1982] (Ala.Civ.App. 1982). Due to the lack of record and the stipulation in circuit court, we decide this case as presented by the parties on § 16-24-2 (b).