This is a teacher tenure case.
Donald Debrow served as principal of Carver High School in Birmingham, Alabama, throughout the 1980-81 and 1981-82 school years and was under contract to so serve during the 1982-83 school year. On May 27, 1983, shortly before the end of the school year, the Birmingham City Board of Education (Board), on recommendation of the acting superintendent, voted to deny *Page 100 
him tenure and to reassign him to his former classification as area vocational supervisor at Wenonah High School. A May 31, 1983 letter from the superintendent informed Debrow of the Board's decision, and a second letter on June 9, 1983, requested that he cease all duties as principal of Carver. The letter also informed him that he would receive principal's salary through August 31, 1983. Subsequently, he was informed by letter that, rather than being transferred to Wenonah, his transfer would be to Parker High School as vocational supervisor.
Upon Debrow's request, a hearing on his transfer was held by the Board on July 5, 1983. The Board upheld the superintendent's recommendation. Debrow appealed to the Alabama State Tenure Commission, which affirmed the Board's decision. He then petitioned for writ of mandamus to the Circuit Court of Jefferson County. The court affirmed the tenure commission's decision.
Debrow appealed here, asserting that his contract for a third year of employment was improperly terminated and that but for the improper termination he would have received tenure as a principal pursuant to § 16-24-2 (b) of the Code of Alabama 1975.
Section 16-24-2 (b) provides in pertinent part:
 "An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor."
We have previously held that this section works to give a promotion advantage to those who have already served long enough in the system to have gained tenure as an instructor and that a tenured teacher gains tenure as a supervisor, or in this case as a principal, after employment in that capacity for three consecutive years. Wooten v. Alabama State TenureCommission, 421 So.2d 1277 (Ala.Civ.App. 1982).
The Board argues that, because Debrow never completed his third year as principal, he failed to meet the requirements of § 16-24-2 (b) and, thus, has no tenure as a principal.
The Board, however, fails to take into account § 16-24-3 of the Code, which provides in pertinent part:
 "The contract of employment of any teacher who shall attain continuing service status shall remain in full force and effect unless superseded by a new contract signed by both parties, or cancelled as provided in section 16-24-9 or 16-24-10. . . ."
This section means exactly what it says. The only two actions that may properly be taken in regard to an existing contract of a tenured teacher are to supersede or cancel such contract.Hammond v. Bailey, 394 So.2d 25 (Ala.Civ.App. 1980), cert.denied, 394 So.2d 27 (Ala. 1981).
The facts are undisputed that Debrow is a teacher who has attained continuing service (i.e., tenure), that he entered into a valid contract with the Board to serve as principal for a third year, and that he fulfilled that contractual obligation until instructed to cease. It is also undisputed that had he been permitted to serve as principal for the term of his contract, he would have gained tenure as a principal pursuant to § 16-24-2 (b), and that the Board followed none of the administrative procedures outlined in § 16-24-9 to cancel that contract.
The Board asserts that following such procedures was unnecessary because Debrow had no continuing service status as a principal. Therefore the requirements of § 16-24-9 do not apply to the contract in question. The Board also asserts that, because he was paid principal's wages throughout the remainder of his contract, Debrow has no property interest which would entitle him to any type hearing prior to cancellation.
We find the Board's position to be incorrect. The Supreme Court of Alabama has previously held that the clear intent of the *Page 101 
legislature in passing the teacher tenure act was to protect teachers who are tenured and that it would be inconsistent with legislative purpose to allow a school board to terminate a teacher, even a non-tenured teacher, prior to the end of the school year without providing him notice and a hearing in fair consideration of the charges justifying his discharge. Ex parteHayes, 405 So.2d 366 (Ala. 1981). Such a teacher, having an employment contract extending until the end of the school year, has an expectancy of a year's employment and a continued right to employment and pay for the remainder thereof. Hayes, supra.
This right of employment is a property interest which entitles the teacher to the procedural due process afforded by §16-24-9. Hayes, supra.
It appears that the Board was under the impression that by vote to transfer before Debrow completed the term of his third year contract, it could thus deny him tenure. The Board in factvoted to deny him tenure. We find the Board to be in error. Having given Debrow a third year contract, the Board could prevent his attaining tenure as a principal only by cancellation of that contract during its term, as provided by §16-24-9. The Board may not deny tenure by a vote to do so. Tenure is granted by operation of statute. § 16-24-2. It may not be denied by a mere vote of the Board. It may not be denied by vote of the Board to transfer to a lesser position during the term of an existing contract. It may be noted that §16-24-5 permits transfer of a teacher with continuing service status only for a succeeding year.
As Debrow served as principal for three consecutive years, except for the erroneous and invalid action of the Board in removing him, he thereby attained tenure as a principal in the Birmingham city school system. The vote of the Board to deny him tenure is void as is the vote to transfer him to another school and position during the term of his contract.
The judgment of the circuit court is reversed with direction to enter its writ of mandamus to the Alabama State Tenure Commission, requiring it to enter judgment in favor of teacher Debrow.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.