474 So.2d 101 (1985)
Ex parte ALABAMA STATE TENURE COMMISSION.
(Re Donald DEBROW v. ALABAMA STATE TENURE COMMISSION).
83-1367.
Supreme Court of Alabama.
July 12, 1985.
James E. Simpson of Lange, Simpson, Robinson & Somerville, Birmingham, for petitioner.
J. Victor Price, Jr., Montgomery, for respondent.
William J. Baxley and Joel E. Dillard of Baxley, Beck, Dillard & Dauphin, Birmingham, for amicus curiae Alabama Educ. Ass'n.
Carl E. Johnson of Bishop, Colvin & Johnson, Birmingham, for amicus curiae The Jefferson County Bd. of Educ.
BEATTY, Justice.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
*102 TORBERT, C.J., concurs in the result.
MADDOX, J., not sitting.
TORBERT, Chief Justice (concurring in the result).
I concur in the quashing of this writ because of the recent decisions in Wooten v. Alabama State Tenure Comm'n, 421 So.2d 1277 (Ala.Civ.App.1982), and Ex parte Hayes, 405 So.2d 366 (Ala.1981).
In Wooten, the Court of Civil Appeals held that Code 1975, § 16-24-2(b), did not require that an instructor seeking tenure as a supervisor be reemployed for a fourth year in order to gain tenure. Moreover, in Ex parte Hayes, this Court held that even a non-tenured teacher has an expectancy of employment to the end of the school term and, therefore, "cannot be terminated before the year is out without the protection of procedural due process." 405 So.2d at 371.
In other words, although Debrow had not completed three years of continuing service as a principal, he was nevertheless entitled to procedural due process before being transferred, by virtue of his expectancy of employment to the end of the school term in the position he held.
I do not agree that § 16-24-3 makes the provisions of § 16-24-9 and § 16-24-10 applicable in a case such as this. Debrow had not attained continuing service status at the time the Board took the action complained of here. Debrow was only entitled to procedural due process.