HOLMES, Judge.
This is a teacher tenure case.
*210 Shortly before the end of his third school term as a principal, Ronald E. Cooper (the teacher) received written notice from the Jefferson County Board of Education (Board) that his employment as a principal would not be renewed for the following school term. He subsequently received notice that he was being transferred to the position of instructor.
On appeal the Alabama State Tenure Commission affirmed the action of the Board.
The teacher filed a petition in the Jefferson County Circuit Court for a writ of mandamus, requesting reinstatement to his former position and back pay. The circuit court denied the writ.
The teacher appeals. We reverse and remand.
On appeal the teacher has not furnished this court with a statement of the issues presented for review. His primary contention, however, is that he had obtained continuing service status, or tenure, as a principal and that the Board could not in the manner described above transfer him to the lower position of instructor with corresponding loss of benefits. We agree.
Tenure as a principal is controlled by Ala.Code (1975), § 16-24-2(b). That statute provides:
“(b) An instructor who has attained continuing service status and who is promoted to principal or supervisor shall serve for three consecutive school years as a principal or supervisor before attaining continuing service status as a principal or supervisor. Such promotion shall in no way jeopardize the continuing service status of the teacher as an instructor; and, should the promoted instructor not be retained as principal or supervisor, his salary would be reduced to the salary paid instructors in accordance with the prevailing salary schedule in the county or city school system.”
This court has interpreted § 16-24-2(b) as granting a teacher tenured status as a principal after he has served in that capacity for three consecutive years, regardless of whether he is reemployed as principal for the fourth year. Wooten v. Alabama State Tenure Commission, 421 So.2d 1277 (Ala.Civ.App.1982). See Debrow v. Alabama State Tenure Commission, 474 So.2d 99 (Ala.Civ.App.1984), writ quashed, 474 So.2d 101 (Ala.1985).
We found such a construction of § 16-24-2(b) to be required by the language of the statute, which varies decisively from that of § 16-24-2(a). The latter grants tenure to a teacher after employment as a teacher for three consecutive years and reemployment for the fourth year.
In this case the teacher served as a principal in the Jefferson County school system for three consecutive years. Apparently just two days before the end of the school term of his third year as a principal, the teacher was notified by the Board that he would not be reemployed as a principal for the next school year. The teacher contends that such action by the Board could not prevent his obtaining tenured status as a principal. We agree.
In a case in point this court, through our former, distinguished Presiding Judge Wright, held that simply giving a principal notice before the end of his third year in that position that he would not be reemployed as principal for the next school year is not sufficient to prevent his acquiring tenure. Debrow, 474 So.2d 99. Such action would appear to prevent the principal from obtaining tenure if taken during his first or second year of employment as principal. However, once the Board has given the principal a contract for a third year, it can “prevent his attaining tenure as a principal only by cancellation of that contract during its term, as provided by [Ala.Code (1975),] § 16-24-9.” Debrow, 474 So.2d at 101.
Because the Board did not cancel the teacher’s contract during his third year of service as a principal, the teacher obtained tenure as a principal and could not in the instant case be transferred by the Board to the lower position of instructor with corresponding loss of benefits.
Contrary to the State Tenure Commission’s protestations in brief, this court’s *211 construction of § 16-24-2(b) and our opinion in Debrow were not made out of a zeal to emphasize the inappropriateness of midyear contractual disruption. They were based upon our interpretation of the language of the statute and its obvious distinction from § 16-24-2(a). We would note, for whatever purpose might be appropriate, that the Debrow case was before the Alabama Supreme Court on petition for writ of certiorari and that that court deemed it appropriate to quash the writ.
The above being dispositive of the appeal, all other issues are pretermitted.
This case is reversed and the cause remanded for proceedings not inconsistent herewith.
REVERSED AND REMANDED.
BRADLEY, P.J., concurs.
INGRAM, J., dissents.