Constance RAY, Plaintiff–Appellee,

v.

**BIRMINGHAM CITY BOARD OF EDUCATION; Dr. Walter Harris, President of the Birmingham Board of Education, Defendants–Appellants.**

No. 86–7742.

United States Court of Appeals,
Eleventh Circuit.

May 17, 1988.

Peyton Lacy, Jr., Lange, Simpson, Robinson & Somerville, Gaile M. Pugh, Birmingham, Ala., for defendants-appellants.

Richard A. Meelheim, Beddow, Fullan & Vowell, Birmingham, Ala., for plaintiff-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HAND *, Chief District Judge.

RONEY, Chief Judge:

Defendant, Birmingham City Board of Education ("Board"), appeals an order granting plaintiff's motion for summary judgment on her Section 1983 procedural due process claim for termination of her employment as a school principal. Relying on an Alabama court decision that would indicate plaintiff had been improperly terminated under state law, the district court applied the doctrine of offensive collateral estoppel, and held that the defendant was barred from litigating the propriety of plaintiff's contract termination and transfer. Because the district court applied state law to this procedural due process claim, rather than federal constitutional law, we vacate and remand.

Plaintiff, Constance Ray, along with Thomas Neilson and Donald Debrow, was a principal employed by the defendant in the Birmingham, Alabama city school system. All three had contracted for a third year of employment as principals for the 1982–83 school year. Just prior to the close of this third year, the Board, upon recommendation of the Superintendent, voted to deny each tenure and transfer each person to another position. Although each person was to receive the salary of a principal to the end of the contract, the effect of this action was believed by the Board to be a denial of tenure as principal, which takes effect after three years in that position. All three received a notice of the Board's decision by a letter dated May 31, 1983.

Debrow protested this notice and requested a hearing on his transfer. As a result of that hearing held on July 5, 1983, the Superintendent's recommendation that Debrow be denied tenure and reassigned was upheld. Debrow appealed to the Alabama State Tenure Commission, which affirmed the Board's decision. When Debrow brought suit in state court, the Board's decision was ultimately reversed by the Court of Civil Appeals of Alabama. *Debrow v. Ala. State Tenure Comm'n.*, 474 So.2d 99 (Ala.Civ.App.1984), *cert. denied*, 474 So.2d 101 (Ala.1985). That Court held that, as a matter of state law, the Board failed to follow the proper procedures under the Alabama Code to cancel Debrow's contract. Thus, the vote of the Board to deny Debrow tenure as well as the vote to transfer him to another position during the term of his contract was declared void.

The plaintiff here, Constance Ray, never protested the May 31, 1983 notice by requesting a hearing. Instead, only after *Debrow* was decided, Ray instituted the present action pursuant to 42 U.S.C.A. § 1983, alleging that the Board's conduct deprived her of procedural due process in violation of the Fourteenth Amendment to the United States Constitution.

The district court stated that the "determinative issue ... is whether a board of education may, under [the Alabama Code], terminate a contract of employment during its term and transfer the employee to another position without compliance with the procedural requirements of [the Alabama Code]." The district court found *Debrow*

---

* Honorable William Brevard Hand, Chief U.S. District Judge for the Southern District of Alabama, sitting by designation.

dispositive of this issue and granted Ray's motion for summary judgment, having applied the doctrine of collateral estoppel offensively. As the law has developed, state law does not decide the controlling issue.

■ In a case decided after the district court's decision, and indeed after the briefing on this appeal, but before oral argument, this Court clearly held that a Section 1983 due process claim is not controlled by state law. *Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525 (11th Cir.1987). Harris alleged that the notice of termination did not provide adequate notice to meet constitutional due process requirements. He contended the notice did not contain the reasons for termination required by the Alabama Code. We upheld the constitutionality of the notice, saying that

> [e]ven if the notice in this case is insufficient to satisfy the state statute, the state statute does not define the process due under the federal Constitution. Therefore, even if the state statute has been violated, that does not prove a violation of a federal constitutional right. Harris must show not just a violation of a state statute, but a constitutional violation in this section 1983 action.

817 F.2d at 1527.

Harris had a state given property interest in continuing employment, and the state statute described the process the State will follow in termination proceedings.

> Yet, we emphasize that the violation of a state statute outlining procedure does not necessarily equate to a due process violation under the federal constitution.

817 F.2d at 1528.

The Court specifically stated that

> [w]e do not address the question whether Harris has a cause of action in the state courts for failure of the Board to strictly comply with the notice statute.

*Id.*

■ This being the law, we need not consider whether the district court properly applied collateral estoppel offensively to foreclose the defendants from relitigating the state law question, had state law been the controlling issue. A party may be collaterally estopped from relitigating a particular issue in a subsequent proceeding only where the issue at stake is identical to the one involved in the prior litigation. *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir.1986). Offensive use of collateral estoppel should be cautiously applied, and may not be used when its application would be unfair to the defendant. *See, e.g., Parklane Hosiery v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 651–52, 58 L.Ed.2d 552 (1979); *DeWeese v. Town of Palm Beach*, 688 F.2d 731, 733–34 (11th Cir.1982); *Steelmet, Inc. v. Caribe Towing Corp.*, 747 F.2d 689, 692 (11th Cir. 1984). Since the issue decided in *Debrow* is not the issue to be litigated in this case, collateral estoppel does not apply.

Although the Board asks us to issue an order overruling the decision of the district court and to issue an order rendering ·dismissal of the complaint appropriate, such a decision is not proper at this time. Plaintiff's case must be judged under the proper principles applying to a constitutional due process claim involving notice, the procedures available to Ray and the effect of her failure to invoke such procedures. It is appropriate that this be done by the district court.

VACATED AND REMANDED.